John Karl Buche (SBN 239477) (Local Counsel)
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, California 92037
Telephone: (858) 459-9111

Timothy Wang (*pro hac vice to be filed*)
twang@nilawfirm.com
Steve Moore (*pro hac vice to be filed*)
smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHENZHEN BOLONG TECHNOLOGY CO. LTD.,** | CASE NO.:  **'21 CV1524 GPC KSC** |
| **Plaintiff,** | **ORIGINAL COMPLAINT** |
| **v.** | **JURY TRIAL DEMAND** |
| **BLISSLIGHTS LLC,** | |
| **Defendant.** | |

Plaintiff Shenzhen Bolong Technology Co. Ltd. ("Plaintiff" or "Bolong"), for its Complaint for Declaratory Judgment of Non-Infringement against Defendant Blisslights LLC ("Defendant" or "Blisslights")), alleges as follows:

## ORIGINAL COMPLAINT
1

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the Patent Laws of the Unites States, 35 U.S.C. § 1 *et seq*., in which Plaintiff seeks a declaratory judgment of non-infringement of U.S. Patent No. 8,057,045 (the "'045 Patent") against Defendant.

2.     Plaintiff also seeks a judgement that Defendant has tortiously interfered with a contractual relationship and that Defendant has tortiously interfered with a prospective business expectancy pursuant to the common law of the state of California.

3.     Furthermore, Plaintiff seeks a judgment that Defendant committed the tort of fraud and/or fraudulent misrepresentation. Defendant is also liable to Plaintiff for equitable remedies under the doctrine of promissory estoppel.

## PARTIES

4.     Plaintiff Shenzhen Bolong Technology Co. Ltd. is a company organized and existing under the laws of the People's Republic of China.

5.     Defendant Blisslights, LLC is a limited liability company organized under the laws of the State of Delaware with a regular business address at 2625 Temple Heights, Unit A, Oceanside, California 92056.  Defendant may be served

through its registered agent Cogency Global Inc. at 1325 J Street, Suite 1550, Sacramento, California 95814.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1338(a), 1367 and 2201(a).

7.     On information and belief, the U.S. District Court for the Central District of California has personal jurisdiction over Defendant because Defendant regularly conduct business within this district or otherwise agree to be subject to the jurisdiction of this district.

8.     Venue is proper in this district under 28 U.S.C. §1391. A substantial part of the events giving rise to the claim alleged herein occurred in this District. On information and belief, Defendant resides in this District within the meaning of 28 U.S.C. § 1391 because Defendant regularly does business in this District and otherwise has sufficient contacts with this District to subject it to personal jurisdiction in this District.

## U.S. PATENT NO. 8,057,045

9.     United States Patent No. 8,057,045 is a utility patent for an invention entitled "Star Field Projection Apparatus."  A true and correct copy of the '045 Patent is attached hereto as Exhibit A.

10.     The '045 Patent generally covers a projection apparatus for generating a moving star field and a cloud-like effect.

11.     U.S. Patent Application No. 12/540,069 (the "'069 Application") that issued as the '045 Patent was filed on August 12, 2009. The '069 Application is a continuation of application No. 11/726,978, filed on March 23, 2007, which claims priority from a provisional application No. 60/815,747 filed on June 21, 2006.

12.     The United States Patent and Trademark Office ("USPTO") issued the '045 Patent on November 15, 2011.

13.     An ex parte reexamination request was filed on April 14, 2016. A Ex Parte Reexamination Certificate was issued on December 7, 2016, cancelling claims 1-4 and 11. Original claims 5-10, 12 and 13 were not reexamined. *See* Ex. A.

14.     Defendant filed a re-issue application No. 16/684,462 ("First Re-issue Application") on November 14, 2019. The First Re-issue Application requests USPTO to maintain claims 5, 7-10, 12 and 13 and amend claim 6 as follows:

> A projection apparatus, comprising:
> at least one diffractive optical [source] element;
> at least one coherent light source, the at least one coherent light source positioned to direct light through the at least one diffractive optical [source] element when power is supplied thereto;
> a power supply, wherein the at least one coherent light source and the at least one diffractive optical [source] element generate a star field when supplied with power from the power supply;
> at least one non-coherent light source;
> a first condenser lens;
> at least one interferential wheel, the at least one inferential wheel positioned between the non-coherent light source and the first condenser lens; and

**ORIGINAL COMPLAINT**
4

a motor for rotating the interferential wheel, wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply.

15.    On February 1, 2021, the USPTO examiner issued an office action rejecting claims 5-10 and 12-13 in Defendant's First Re-issue Application. The First-Re-issue Application was abandoned on August 23, 2021.

16.    On June 11, 2021, Defendant filed another re-issue application No. 17/345,435 ("Second Re-issue Application"). The Second-Re-issue Application is currently pending.

17.    Randy E. Johnson is the purported inventor of the '045 Patent and Blisslights is the purported record owner of the '045 Patent with all rights in and to that patent.

18.    On information and belief, Defendant sells projectors which embody the design of the '045 Patent via its blisslights.com website and the Blisslights Amazon.com storefront.

## GENERAL ALLEGATIONS

19.    Plaintiff is a manufacturer of, among other things, projection lights. *See* Declaration of Mr. Caijian Zheng at ¶ 4, attached hereto as Exhibit B.

20.    Plaintiff's projection lights are sold online through its customers and distributors at marketplaces such as Amazon.com and have enjoyed considerable commercial success. *Id.* at ¶ 5.

21.     As previously noted, Defendant is the purported owner of record of the '045 Patent. Defendant has been very active in filing Amazon.com infringement complaints against its competitors and others since at least the beginning of 2020. *Id.* at ¶ 6.

22.     In or before April 2020, Defendant filed multiple complaints with Amazon.com, alleging that certain projector products made by Plaintiff infringe the '045 Patent. *Id.* at ¶ 7.

23.     Denying the alleged infringement, Plaintiff settled the dispute with Defendant and signed an agreement on September 11, 2020. *Id.*at ¶ 8. During the settlement discussion, the Parties also expressed an interest in starting a business relationship so that Defendant may source products from Plaintiff. *Id.*

24.     Defendant's representative discussed sourcing star projector products from Bolong at least as early as November 16, 2020. *Id.* at ¶ 9. Plaintiff disclosed progress of its product development and sent a new product project plan to Defendant on and about November 22, 2020. *Id.* Defendant expressed interested in procuring the new product from Plaintiff. *Id.*

25.     In the meantime, Plaintiff redesigned its star projector product previously accused of infringement by Blisslights in October 2020 and filed U.S. Patent Application No. 17/170,927 ("'927 Application') covering the new design.

*Id.* at ¶ 10. The '927 Application is titled "Starry Projection Lamp" and was allowed by U.S. Patent and Trademark Office ("USPTO") on July 9, 2021. *Id.*

26.     Prototype of the starry projection lamp embodying the patented design in the '927 Application ("Accused Product") was completed on or before December 23, 2020. *Id.* at ¶ 11. On December 25, 2020, Plaintiff invited Defendant's representative Mr. Anson Yip to visit its factory to show case the new product and discuss potential business relationship between the parties. *Id.* During the visit, Mr. Yip was accompanied by Ms. Ge, who, upon information and belief, is a consultant to Defendant. *Id.* Mr. Yip expressed strong interest in acquiring products with the new design and also promised that Defendant will not file infringement complaints against the Accused Product. *Id.* Plaintiff also gave Mr. Yip two protypes of the Accused Product. *Id.*

27.     After Mr. Yip's December 25, 2020, visit, Plaintiff started making and selling the Accused Product to its distributors and customers. *Id.* at ¶ 12.

28.     On or about June 29, 2021, Defendant started filing complaints for patent infringement on Amazon.com against the Accused Product (Model No. BL-XK01). *Id.* at ¶ 13. A copy of one of the notices from Amazon is attached hereto as Exhibit C. Affected Bolong customers include at least the Gobuy-US storefront ("Customer A") at Amazon.com. The notice from Amazon does not identify any specific claim of the '045 Patent.  However, based on the ex parte reexamination

certificate of the '045 Patent, the only active independent claim Defendant can

possibly allege infringement is Claim 6 of the '045 Patent, which reads as follows:

> A projection apparatus, comprising:
> at least one diffractive optical source;
> at least one coherent light source, the at least one coherent light source positioned to direct light through the at least one diffractive optical source when power is supplied thereto;
> a power supply, wherein the at least one coherent light source and the at least one diffractive optical source generate a star field when supplied with power from the power supply;
> at least one non-coherent light source;
> a first condenser lens;
> at least one interferential wheel, the at least one inferential wheel positioned between the non-coherent light source and the first condenser lens; and
> a motor for rotating the interferential wheel, wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply.

29.     Among other differences, the Accused Product distinguishes from

Claim 6 of the '045 Patent for at least the following reasons. First, it does not include

a "first condenser lens" or one "inferential wheel." Instead, the Accused Product

employs a water ripple sheet and polyhedral vertebral prisms as shown in figures 1

and 2 below.

**ORIGINAL COMPLAINT**
8



30.     Second, the Accused Product works on a patently different principle from the one under Claim 6 of the '045 Patent. In the Accused Product, the LED light vertically passes through the uneven medium, *i.e.*, a water ripple sheet), and then deviates from the propagation to form water ripple light (*see* Figure 3 below), and then enters another medium with different optical properties *i.e.*, polyhedral vertebral prisms, where its interface direction is deviated. After folding, the light refraction forms a large area of water ripples (*see* Figure 4 below).



**ORIGINAL COMPLAINT**

31.   According to claim 6 of the '045 Patent, the non-coherent light source (such as a LED light) produces light interference after passing through the interferential wheel (*see* Figure 5 below). When a motor rotates the interferential wheel, the lights pass through the first condenser lens to focus the image to form a moving cloud-like effect (*see* Figure 6 below).



32.   However, as shown above, the Accused Product uses light scattering and refraction that does not involve interfering and focusing of light. Therefore, the Accused Product also does not meet the claim limitation of "wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the power supply."

33.   Defendant was aware of the design of the Accused Product and also had possession of the prototype at least as early as December 25, 2020. As such, at the

time of the filing his complaint with Amazon.com in June 2021, Defendant was aware that the Accused Product did not and does not infringe the '045 Patent.

34.     By filing a complaint for patent infringement with Amazon.com against Plaintiff alleging infringement of the '045 Patent, Defendant is and has made allegations that are objectively false and in bad faith, with complete knowledge of their incorrectness.

35.     As a result of Defendant's conduct in making infringement allegations that are objectively false and in bad faith, Amazon.com has removed Plaintiff's listing of the Accused Product, which has caused substantial harm to Plaintiff's business operations.

36.     An actual and justiciable controversy exists between the parties concerning whether Plaintiff's Accused Product identified by Defendant in his complaint to Amazon.com, infringe the '045 Patent.

37.     Furthermore, an actual and justiciable controversy exists between the parties as to whether Defendant tortiously interfered with Plaintiff's contractual relationship with Amazon.com, Inc., and whether Defendant tortiously interfered with Plaintiff's prospective business expectancy.

38.     Plaintiff now seeks a declaratory judgment of non-infringement of the '045 Patent as well as a judgment that Defendant has tortiously interfered with Plaintiff's contractual relationship with Amazon.com, Inc., and tortiously interfered

with Plaintiff's prospective business expectancy. Plaintiff further seeks a judgment that Defendant committed fraud or fraudulent representation, unfair business practice, and is liable for the equitable remedies of promissory estoppel.

## COUNT I: NON-INFRINGEMENT OF THE '045 Patent

39.   Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40.   Through his complaint for Patent infringement filed with Amazon.com, Defendant has asserted that Plaintiff has infringed the '045 Patent.

41.   As a result of Defendant's false allegations of patent infringement of the '045 Patent, an actual and justiciable controversy exists between the parties hereto regarding Plaintiff's right to continue manufacturing and offering for sale the Accused Product.

42.   The manufacture, use, offer for sale, sale, and/or importation of the Accused Product into the United States does not infringe the '045 Patent.

43.   The Accused Product does not include a "first condenser lens" or one "inferential wheel." Instead, the Accused Product employs a water ripple sheet and polyhedral vertebral prisms.

44.   Accused Product also does not meet the claim limitation of "wherein the at least one non-coherent light source, the interferential wheel, the first condenser lens, and the motor generate a cloud-like effect when supplied with power from the

power supply" as it employs a different working principle that does not include an interferential wheel and first condenser for light focusing.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff respectfully requests a declaration by this Court that the manufacture, use, offer for sale, sale, and/or importation of the Accused Product does not and will not infringe the '045 Patent.

46.     In addition, because Defendant already amended the claims in the First and Second Re-issue Applications and the claims will likely be further amended when the pending Second Re-issue Application concludes, Plaintiff will have intervening rights under 35 U.S.C. § 252. Therefore, Defendant's Accused Product does not infringe the '045 Patent.

## COUNT II: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

47.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

48.     Defendant committed tortious interference with Bolong's contractual relations inasmuch as: Bolong had beneficial contractual relations and a legally protected interest with at least Customer A to sell the Accused Product, and, upon information and belief, Defendant knew of Bolong's beneficial contractual relations and legally protected interest with each of these parties.

49.     Defendant intentionally and willfully induced third parties to breach or otherwise render impossible the performance of the contract by filing false patent infringement claims with Amazon and removed Customer A's listings of the Accused Product.

50.     Defendant intentionally and willfully conspired to induce or threaten Customer to stop selling the Accused Product.

51.     Defendant lacked any justification or privilege to impair, cause a detriment to, or cause a breach of Bolong's contractual relations with at least Customer A.

52.     Defendant impaired, caused a detriment to, and/or caused a breach of Bolong's contractual relations in that Bolong could not supply its customers with the Accused Product. Bolong's reputation with at least Customer A has been damaged.

53.     Defendant's actions caused damage to Bolong in the form of lost sales, damage to its reputation, and damaged relationships with at least Customer A.

54.     Defendant's tortious actions have damaged Bolong financially in an amount exceeding $75,000.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

55.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

56.     Defendant's actions described above were performed intentionally and were reasonably calculated to cause damage to Bolong's business. Bolong has had ongoing business relations with Customer A, and but for Defendant's interference, Bolong has had a reasonable probability of ongoing and future business opportunities with Customer A.

57.     Defendant's actions described above with respect to Customer A were done with the unlawful purpose to cause damage and loss, without right or justifiable cause.

58.     Bolong has been damaged financially and reputationally from Defendant's actions described above with respect to at least Customer A.

## COUNT IV: FRAUD

59.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

60.     Defendant committed the tort of fraud, fraudulent inducement, and/or fraudulent misrepresentation by: (1) making false representations to Bolong that Blisslights will not complain to Amazon infringement of the '045 Patent by the Accused Product; (2) the misrepresentations were made for the purpose of defrauding Bolong to induce them to mass produce the Accused Product; (3) Bolong relied on the misrepresentation, and had the right to rely on them; and (4) Bolong

suffered compensable injury as a result of the misrepresentations including damages in the loss of potential sales and lost profits that Bolong would have made.

## COUNT V: PROMISSORY ESTOPPEL

61.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

62.    Defendant is liable to Plaintiff for equitable remedies under the doctrine of promissory estoppel because: (1) during his visit of Plaintiff's factory on December 25, 2020, Mr. Yip, on behalf of himself personally, Blisslights, represented and promised that Blisslights will not complain of patent infringement against the Accused Product and is interested in purchasing the products from Plaintiff. (2) Bolong replied on Mr. Yip's representations and promises, and started mass production and sale of the Accused Products; (3) Bolong's reliance was to its detriment, including expenses incurred from unsold inventory, expenses in acquiring the materials to make the Accused Product, and lost profits that Bolong would have obtained if Defendant had not filed a complaint of patent infringement with Amazon; (4) Blisslights failed to uphold the representations and promises by filing false infringement complaints against Plaintiff's Accused Product and (5) it would be unfair, inequitable, and/or unconscionable for Plaintiff to suffer the loss in view of the failure by Defendant to uphold the representations and promises.

63.    Equitable remedies that the Court may award Plaintiff include, but are

not limited to: (1) an order requesting Blisslights to retract its complaint of infringement against Bolong's Accused Products from Amazon; (2) an injunction order against Defendant that it cannot and will not file future Amazon.com infringement complaints against the Accused Product 3) Payment to compensate the loss of sales and profits suffered by Plaintiff.

## COUNT VI: UNFAIR BUSINESS PRACTICES
### Bus. and Prof. §§ 17200, 17500

64.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

65.     By engaging in the court of conduct described herein, Blisslights has engaged in a series of unfair, unlawful and/or fraudulent business acts and practices prohibited by Business and Professions Code section 17200 *et seq.* (the "UCL") with respect to their dealings with Plaintiff.

66.     Among other acts, Defendant violated the UCL by engaging in at least the following wrongful conduct:

    a.  while making patent infringement accusations against Plaintiff to Amazon.com, Defendant misrepresented and failed to disclose:

        i.  the fact that claims 1-4 and 11 had been canceled because they were invalid for being obvious in view of the prior art, and only claims 5-10 and 12-13 remain in the '045 Patent, and

      ii.    that any claims of infringement accusation under the '045 Patent must be made by reference to U.S. Patent No. 8,057,045C1 – not merely U.S. Patent No. 8,057,045, as many claims were cancelled;

b.  Defendant failed to disclose and intentionally hid relevant prior art references from the USPTO, while under an affirmative duty to disclose such prior art references, during the prosecution of the '045 Patent and reissue patent application nos. 16/684,462 and 17/345,435 (collectively "Reissue Applications").

c.  Defendant made conflicting and false declarations under the penalty of perjury when prosecuting the Reissue Applications.

d.  Defendant misrepresented the validity of the '045 Patent and used these misrepresentations to illegally stifle competition from Plaintiff and its improved products, (*e.g.*, falsely reporting Plaintiff's Accused Product as infringing the '045 Patent, while Defendant knew or should have known that Plaintiff's Accused Product does not infringe.

67.    Defendant's conducts constitute an unlawful, unfair, or fraudulent business act or practice and were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff.

**ORIGINAL COMPLAINT**

68.     As a result of Defendant's unlawful, unfair, or fraudulent conduct performed in furtherance of their concerted schemes, Defendant has been unjustly enriched.

69.     Plaintiff seeks an order of this Court pursuant to section 17203 of the UCL, requiring Defendant to make full restitution and disgorgement of all monies wrongfully obtained directly or indirectly from Plaintiff as a result of the conduct described in this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a.     A declaration that Plaintiff has not and will not infringe the '045 Patent;

b.     A judgment against Defendant and in favor of Plaintiff that Defendant has tortiously interfered with Plaintiff's contractual relations;

c.     A judgment against Defendant and in favor of Plaintiff that Defendant has tortiously interfered with Plaintiff's prospective business relationships;

d.     A judgment against Defendant and in favor of Plaintiff that Defendant committed the tort of fraud, and/or fraudulent misrepresentation.

e.      A judgment against Defendant and in favor of Plaintiff that Defendant committed unfair business practices.

f.      A judgment against Defendant and in favor of Plaintiff that Defendant is liable to Plaintiff for equitable remedies under the doctrine of promissory estoppel.

g.      A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C § 285; and

Further relief as the Court may deem just and proper.

Dated: August 27, 2021          Respectfully Submitted,

By: _/s/ John Buche_____
John Karl Buche SBN 239477
Local Counsel
jbuche@buchelaw.com
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, California 92037
Telephone: (858) 459-9111

Timothy Wang (*pro hac vice to be filed*)
twang@nilawfirm.com
Steve Moore (*pro hac vice to be filed*)
smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiff
*Shenzhen Bolong Technology Co. Ltd.*

**ORIGINAL COMPLAINT**