# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHENZHEN BOLONG TECHNOLOGY CO. LTD.,** | CASE NO.: |
| **Plaintiff,** | **DECLARATION OF CAIJIAN ZHENG** |
| v. | |
| **BLISSLIGHTS LLC,** | |
| **Defendant.** | |

## DECLARATION OF CAIJIAN ZHENG

I, Caijian Zheng, hereby declare and state as follows:

1.      I am over the age of eighteen and make this declaration from first-hand personal knowledge, unless otherwise indicated below.

2.      I am the chief executive officer of Shenzhen Bolong Technology Co. Ltd. ("Bolong") and make this declaration on Bolong's behalf.

3.      Bolong is a company organized under the laws of the nation of China.

4.      Bolong is a manufacturer of, among other things, projection lights.

5.      Bolong's projection lights are sold online through its customers and distributors at marketplaces such as Amazon.com and have enjoyed considerable commercial success.

6.      Blisslights LLC ("Blisslights") is the purported record owner of U.S. Patent No. 8,057,045 ("the '045 Patent"). It has been very active in filing

infringement complaints against its competitors and others since at least the beginning of 2020.

7.     In or before April 2020, Blisslights filed multiple complaints with Amazon.com, alleging that certain projector products made by Bolong infringe the '045 Patent.

8.     Denying the alleged infringement, Bolong settled the dispute with Blisslights and signed an agreement on September 11, 2020. During the settlement discussion, parties also expressed interest in starting a business relationship so Blisslights may source products from Bolong.

9.     Blisslights' representative discussed sourcing star projector products from Bolong at least as early as November 16, 2020. Bolong disclosed progress of its product development and sent a new product project plan to Blisslights on and about November 22, 2020. Blisslights expressed interested in procuring the new product from Bolong.

10.    In the meantime, Bolong redesigned its star projector product previously accused of infringement by Blisslights before October 2020 and filed U.S. Patent Application No. 17/170,927 ("'927 Application') covering the new design. The '927 Application is titled "Starry Projection Lamp" and was allowed by U.S. Patent and Trademark Office ("USPTO") on July 9, 2021. Attached as

Exhibit B-1 is a true and correct copy of the notice of allowance for the '927 Application.

11.     Prototype of the starry projection lamp embodying the patented design in the '927 Application ("Accused Product") was completed on or before December 23, 2020. On December 25, 2020, I invited Blisslights' representative Mr. Anson Yip to visit its factory to show case the new product and discuss potential business relationship between the parties. During the visit, Mr. Yip was accompanied by Ms. Ge, who, upon information and belief, is a consultant to Blisslights. Mr. Yip expressed strong interest in acquiring products with the new design and also promised that Blisslights will not file infringement complaints against the Accused Product. I also gave Mr. Yip two protypes of the product.

12.     After Mr. Yip's December 25, 2020, visit, Bolong started making and selling the Accused Product to its distributors and customers.

13.     On or about June 29, 2021, Blisslights started filing complaint against the Accused Product (Model No. BL-XK01). Affected Bolong customers include at least the Gobuy-US storefront at Amazon.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on August 9, 2021, in Shenzhen, China.

_Caijian Zheng_
Caijian Zheng

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT B-1



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

162/43        7590        07/09/2021

HYIP
POBOX 30
PAINTED POST, NY 14870

| EXAMINER |
| --- |
| GARLEN, ALEXANDER K |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2896 | |

DATE MAILED: 07/09/2021

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 17/170,927 | 02/09/2021 | Huazhu Zheng | TXUN-US-IP-21017 | 4143 |

TITLE OF INVENTION: STARRY PROJECTION LAMP

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | MICRO | $300 | $0.00 | $0.00 | $300 | 10/12/2021 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

Page 1 of 3

EXHIBIT B

PTOL-85 (Rev. 02/11)

## PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to:   Mail Stop ISSUE FEE
                Commissioner for Patents
                P.O. Box 1450
                Alexandria, Virginia 22313-1450

By fax, send to:   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

162743      7590      07/09/2021

HYIP
POBOX 30
PAINTED POST, NY 14870

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

_____ (Typed or printed name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/170,927 | 02/09/2021 | Huazhu Zheng | TXUN-US-IP-21017 | 4143 |

TITLE OF INVENTION: STARRY PROJECTION LAMP

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | MICRO | $300 | $0.00 | $0.00 | $300 | 10/12/2021 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| GARLEN, ALEXANDER K | 2896 | 362-035000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-09 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE             (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ☐ Individual ☐ Corporation or other private group entity ☐ Government

4a. Fees submitted: ☐Issue Fee ☐Publication Fee (if required) ☐Advance Order - # of Copies _____

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

☐ Electronic Payment via EFS-Web  ☐ Enclosed check  ☐ Non-electronic payment by credit card (Attach form PTO-2038)

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. _____

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

PTOL-85 Part B (08-18) Approved for use through 01/31/2020    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**EXHIBIT B**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/170,927 | 02/09/2021 | Huazhu Zheng | TXUN-US-IP-21017 | 4143 |

| | | EXAMINER |
|---|---|---|
| 162743    7590    07/09/2021 | | GARLEN, ALEXANDER K |

HYIP
POBOX 30
PAINTED POST, NY 14870

| ART UNIT | PAPER NUMBER |
|---|---|
| 2896 | |

DATE MAILED: 07/09/2021

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b) (2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EXHIBIT B

| *Notice of Allowability* | Application No. 17/170,927 | Applicant(s) Zheng et al. | |
|---|---|---|---|
| | Examiner ALEXANDER K GARLEN | Art Unit 2896 | AIA (FITF) Status Yes |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>amendment dated 6/24/2021</u>.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>1-2 and 4-10</u> . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

    a) ☐All    b) ☐ Some    *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____ .

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____ .

4. ☑ Interview Summary (PTO-413), Paper No./Mail Date. <u>6/29/2021</u>.

5. ☑ Examiner's Amendment/Comment

6. ☑ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

| /ALEXANDER K GARLEN/ Primary Examiner, Art Unit 2896 | |
|---|---|

**EXHIBIT B**

## ALLOWANCE

### *Response to Amendment*

1.     Applicant's amendment filed on 6/24/2021 has been entered.  Claims 1 and 4 have been

amended.  Claim 3 have been cancelled.  Claims 1-2 and 4-10 are still pending in this application, with

claim 1 being independent.

## EXAMINER'S AMENDMENT

2.     An examiner's amendment to the record appears below. Should the changes and/or additions

be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure

consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in an interview with Jie Yang #77665 on

6/29/2021.

The application has been amended as follows:

Claim 1, starting five lines from the end:

"the a motor is arranged on the groove; the light-emitting light path system is arranged

on the boss by means of the an aluminum base plate".

Claim 2 starting on line two:

"light path system comprises an the aluminum base plate, a water ripple sheet and a

driving component; a plurality of LED lamps are arranged on the aluminum base plate;

light-emitting surfaces of the LED lamps face an illuminated surface of the water ripple

sheet; a light-emitting surface of the water ripple sheet faces the polyhedral vertebral

prisms; the driving component comprises [[a]] the motor and an output shaft".

### *Allowable Subject Matter*

3.      Claims 1-2 and 4-10 are allowed.

4.      The following is an examiner's statement of reasons for allowance: the prior art of record fails to disclose or render obvious in particular a starry projection lamp comprising an upper shell, a lower shell, a light-emitting light path system, a laser light path system, and a main control board; the light-emitting light path system and the laser light path system are arranged in a first accommodating cavity of the lower shell; the upper shell is provided with a first light outlet and a second light outlet; the first light outlet is provided with an optical lens; a plurality of polyhedral vertebral prisms are distributed on an inner surface of the optical lens; a light-emitting surface of the light-emitting light path system faces the polyhedral vertebral prisms; a light-emitting surface of the laser light path system faces the second light outlet; a loudspeaker is also arranged in the first accommodating cavity; a communication module and an audio module are arranged on the main control board; and the loudspeaker is electrically connected to the main control board, a motor fixing seat arranged in the first accommodating cavity; the motor fixing seat provided with a second accommodating cavity; a groove and a boss arranged on the groove arranged in the second accommodating cavity; a motor arranged on the groove; the light-emitting light path system arranged on the boss by means of an aluminum base plate; when the upper shell covers the lower shell, the upper shell presses the optical lens on the motor fixing seat; and the motor fixing seat is fixed on the lower shell as called for in the claimed combination of independent claim 1.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Application/Control Number: 17/170,927                                              Page 4
Art Unit: 2896

### *Conclusion*

5.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to ALEXANDER K GARLEN whose telephone number is (571)272-3599.  The examiner

can normally be reached on M-F 8:00-5:00 PM.

        Examiner interviews are available via telephone, in-person, and video conferencing using a

USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use

the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Jessica Han can be reached on 571-272-2078.  The fax phone number for the organization where this

application or proceeding is assigned is 571-273-8300.

        Information regarding the status of an application may be obtained from the Patent Application

Information Retrieval (PAIR) system.  Status information for published applications may be obtained

from either Private PAIR or Public PAIR.  Status information for unpublished applications is available

through Private PAIR only.  For more information about the PAIR system, see https://ppair-

my.uspto.gov/pair/PrivatePair. Should you have questions on access to the Private PAIR system, contact

the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information system, call 800-786-

9199 (IN USA OR CANADA) or 571-272-1000.

/ALEXANDER K GARLEN/
Primary Examiner, Art Unit 2896

| *Examiner-Initiated Interview Summary* | Application No. 17/170,927 | | Applicant(s) Zheng et al. | |
|---|---|---|---|---|
| | Examiner ALEXANDER K GARLEN | Art Unit 2896 | AIA (First Inventor to File) Status Yes | Page 1 of 1 |

| **All Participants** (applicant, applicants representative, PTO personnel) | **Title** | **Type** |
|---|---|---|
| ALEXANDER K GARLEN | Primary Examiner | Telephonic |
| Jie Yang #77665 | Attorney of Record | |

**Date of Interview:** 29 June 2021

**Issues Discussed:**

**Proposed Amendment(s)**

Applicant's representative authorized the Examiner's Amendment, placing the application in condition for allowance. Please see the details in the attached Examiner's Amendment.

| /ALEXANDER K GARLEN/ Primary Examiner, Art Unit 2896 | |
|---|---|

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04**
Please further see:
MPEP 713.04
Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)
37 CFR § 1.2 Business to be transacted in writing

**Applicant recordation instructions:** It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.